UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE FARROW,

    Petitioner,                                Case No. 1:09-cv-518

v                                                HON. JANET T. NEFF

CINDI CURTIN,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (Dkt 28). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 29). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner makes six objections to the Magistrate Judge's Report and Recommendation. For the reasons discussed herein, the Court finds Petitioner's objections to be without merit.

**I. Request for New Counsel**

Petitioner argues that the Magistrate Judge erred in determining that his request for new counsel was "untimely" and that there was no evidence to show that counsel was "incapable of rendering satisfactory performance" (Pet'r Obj., Dkt 29 at 2-6; R & R, Dkt 28 at 16). In objecting

to the Magistrate Judge's determination that his request for new counsel was untimely, Petitioner argues that the Magistrate Judge "erroneously believed and found the fact to be that it was only on the first day of trial that Petitioner Farrow first raised the specter of a conflict of interest" (Dkt 29 at 2). Petitioner then references a request form he submitted to the trial court on February 16, 2006, asking the trial judge to "appoint me a new attorney" (Dkt 29 at 2; Dkt 29-1 at 1). However, while Petitioner did make a timely request for a new attorney, he failed to provide any support for his request other than merely stating that "I no longer trust [counsel]" (Dkt 29-1 at 1). Therefore, his earlier request for counsel was insufficient to justify the appointment of new counsel and does not affect the validity of the Magistrate Judge's analysis.

In objecting to the Magistrate Judge's determination that his request for new counsel at the outset trial lacked supporting evidence, Petitioner argues that "defense counsel did not want to try the case, and Petitioner wanted his case tried before a jury, which actively represented a conflict of interest," and the trial court "failed to adequately inquire into the possibility of conflict" (Dkt 29 at 6). Petitioner's argument is without merit. The Magistrate Judge properly determined that there is "no evidence that Petitioner's counsel was incapable of rendering satisfactory performance" and that "[t]here is also no evidence the alleged conflict between Petitioner and his attorney was so great that it prevented counsel from adequately defending Petitioner" (Dkt 28 at 16). Therefore, Petitioner's objection is denied.

## II. Sufficiency of the Evidence

Petitioner argues that the Magistrate Judge erred in determining that the Court of Appeals did not make a decision contrary to federal law in rejecting his claim that the prosecution failed to present sufficient evidence to support his conviction for secret kidnapping (Pet'r Obj., Dkt 7-10; R & R, Dkt 28 at 16-20). In his objection, Petitioner asserts that the Magistrate Judge erred in her

determination that the victim was "forcibly confined or imprisoned" (Dkt 28 at 18; Dkt 29 at 7). Specifically, Petitioner asserts that the "actual fact[s]" show that the victim "knew he could get up" and "did not believe himself to be confined" (Dkt 29 at 8). To further support his objection, Petitioner argues that "[the victim's] cell phone was only 8 feet away from him," in the kitchen (*id.*). Petitioner's argument is without merit.

The Magistrate Judge properly evaluated the evidence presented at trial in the light most favorable to the prosecution (R & R, Dkt 28 at 17). As stated in the R & R, "[t]he evidence supported that Petitioner hogtied Montgomery with duct tape and placed him in a room without a telephone, which under Michigan law constitutes evidence that Petitioner intended to secretly confine Montgomery" (*id.* at 18). Therefore, in light of the evidence presented at Petitioner's trial, the Magistrate Judge correctly concluded that the decision by the Court of Appeals to reject Petitioner's insufficiency of evidence claim was "neither contrary to, nor involves an unreasonable application of, clearly established federal law (Dkt 28 at 19). Accordingly, Petitioner's objection is denied.

### III.  Ineffective Assistance of Counsel

Petitioner argues that the Magistrate Judge erred in determining that the rejection of Petitioner's ineffective assistance of counsel claim by the Court of Appeals was not contrary to federal law (Pet'r Obj., Dkt 29 at 11-16; R & R, Dkt 28 at 20-23). Specifically, Petitioner asserts that he was denied effective assistance of counsel "as a direct result of trial counsel's failure to pursue the substantial defense of eyewitness misidentification an[d] the failure to call an expert witness to support the defense" (Dkt 29 at 16). Petitioner's argument is without merit.

The Magistrate Judge correctly determined that because of the "quite substantial" evidence showing Petitioner's guilt, "it is not reasonable to conclude that questioning an expert on eyewitness

3

identification … would have produced a different result (Dkt 28 at 22).  Therefore, the Magistrate Judge properly applied the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), in determining that Petitioner raised no basis for habeas relief because (1) counsel's actions were not below an objective standard of reasonableness, and (2) counsel's actions did not prejudice Petitioner's defense as determined by the state court (Dkt 28 at 20-21).  Accordingly, Petitioner's objection is denied.

## IV.  Withholding of Exculpatory Evidence

Petitioner argues that the Magistrate Judge erred in determining that the Court of Appeals did not act contrary to federal law in denying Petitioner's claim related to the withholding of exculpatory evidence (Pet'r Obj., Dkt 29 at 17-23; R & R, Dkt 28 at 24-26).  Specifically, Petitioner asserts that the prosecutor withheld a police report from December 17, 2005, indicating that "the victim was unable to describ[e] the assailant to police during the initial interview" (Dkt 29 at 17).  Petitioner's argument is without merit.

The Magistrate Judge correctly noted in the R & R that, "[w]hile the police report in question does not contain a *detailed* description of Petitioner, there is nothing in this report suggesting that Montgomery was unable to describe his assailant to Officer Poole" (Dkt 28 at 25).  Furthermore, both Jason Montgomery and Officer Poole testified at trial that Montgomery provided her with a "detailed description of the assailant" on the morning in question (*id.*).  Therefore, the Magistrate Judge properly determined that the Court of Appeals was correct in denying Petitioner's "withholding of exculpatory evidence" claim on the ground that the police report at issue "'was not favorable to [Petitioner], and [Petitioner] has failed to show that his possession of the evidence at trial would have resulted in a different outcome'" (*id.* at 25-26).  Accordingly, Petitioner's objection is denied.

### V.  Prosecutorial Misconduct

Petitioner argues that the Magistrate Judge erred in its determination that no prosecutorial misconduct occurred at Petitioner's trial (Pet'r Obj., Dkt 29 at 24-26; R & R, Dkt 28 at 26-28). Specifically, Petitioner argues that in asking Officer Graham to "describe" his involvement in the investigation, the prosecutor was using "a subtle tactic … to clearly influence and mislead the jury into believing that there was evidence that Petitioner['s] boot matched [the] bootprint at the crime scene" (Dkt 29 at 24-25).  Petitioner's argument is without merit.

The Magistrate Judge properly determined that "[e]ven if the Court concedes Petitioner's argument that Graham's response 'implied a match was made,' such hardly constitutes misconduct by the *prosecutor* who asked a simple open-ended question" (Dkt 28 at 27).  As stated in the R & R, to the extent Graham's response implied anything to the jury, "Petitioner had ample opportunity on cross-examination to correct such" (*id.* at 28).  Furthermore, "Officer Marshall expressly testified that she was unable to match Petitioner's boot with any footprint at the crime scene" (*id.*). Accordingly, Petitioner has failed to show that the prosecutor's conduct was improper and his objection is denied.

### VI.  Illegal Arrest

Petitioner asserts that "the decision made by the United State[s] Magistrate Judge was based on an unreasonable determination of the fact[s]" (Pet'r Obj., Dkt 29 at 33; R & R, Dkt 28 at 28-31). Specifically, Petitioner argues that "[c]learly Officer Kusler lacked probable cause to arrest Petitioner when he first saw him inside of the apartment complex" (Dkt 29 at 31).  Petitioner's argument is without merit.  In the R & R, the Magistrate Judge properly determined that "with respect to Petitioner's arrest, whether such was illegal is irrelevant" in determining whether he is

entitled to a new trial (Dkt 28 at 29), any suppression of the evidence claim is not cognizable. Therefore, Petitioner's objection is denied.

### VII. Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of each of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: September 28, 2012              /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge